**In re ESTATE OF Ethel ROCHE**
**(James and Robert Roche, Appellants)**

[736 A.2d 777]

No. 98-464

---

July 1, 1999. Will contestants James and Robert Roche appeal from a judgment of the Chittenden Superior Court concluding that their mother, Ethel Roche, was not unduly influenced by Jean Manchester when making Manchester a

beneficiary in Roche's will. Contestants claim that the trial court erred by: (1) requiring proof of absence of undue influence by a preponderance of the evidence rather than by clear and convincing evidence; (2) treating the burden of proof as being on the contestants; (3) making findings not supported by the evidence. We affirm.

The facts found by the trial court are as follows. Following a failed business venture in the mid-1980's, Jean Manchester and Ethel Roche had an on-and-off social relationship. During this period, Manchester received professional training as an auctioneer and appraiser. In 1993, Roche's relationship with Manchester grew closer. At the same time, Roche's previously occasional disagreements with her sons became more pronounced, changing their relationship from close and loving to strained and noncommunicative. Up to that point, Roche owned a condominium and a bank account jointly with her sons to avoid probate if she were to predecease them.

Eventually, the disputes between Roche and her sons escalated. She demanded the return of $20,000 taken from their joint account without her knowledge and began efforts to remove her sons' names from the deed to the condominium. Roche retained two attorneys in an effort to have the funds returned to the account. As a result of the letters written on Roche's behalf, the sons returned the $20,000. Arguments over the condominium's title finally prompted her to sue her sons in 1994. At her own choosing she had little contact with her sons, except for a brief period in 1995 when she was hospitalized with what was initially believed to be a terminal condition.

In May of 1994, Roche contacted attorney Barry Peterson to draft a new will. She instructed him to acknowledge her sons in the will but leave them nothing, bequeathing fifty percent of her estate to Manchester and fifty percent to all but one of her grandchildren. Peterson questioned her about her instructions, wishing to be clear that this plan was her independent desire rather than the result of some influence on her. She described the situation with her sons, and explained her reasons for changing her will. She told the attorney that Manchester provided the type of care she wanted, but that her sons did not. She executed the will in June of 1994. The court determined that the will was not the product of undue influence.

I.

Despite the fact that the trial court stated it was led "inexorably to the conclusion that Ms. Manchester did not exert undue influence over Mrs. Roche in connection with the June 16, 1994 will," the sons claim the court erred by not requiring Manchester to prove a lack of undue influence by clear and convincing evidence. Undue influence occurs when the testator no longer exercises free will, causing the resulting document to be tainted. See *In re Estate of Raedel*, 152 Vt. 478, 481, 568 A.2d 331, 332-33 (1989). The presumption of undue influence causes the burden of proof to shift to the proponent of the will. See *id.* at 481, 568 A.2d at 333. Here, the lower court found that suspicious circumstances existed due to the "sudden and unnatural change directly benefitting [Manchester]" which created doubt as to Roche's recognition of her duty to her family. Based on this determination, the burden of proof was shifted to the proponent of the will, Manchester.

The lower court did not err in requiring Manchester to prove the absence of undue influence by a preponderance of the evidence. We held in *Raedel* that absent an element of fraud, the burden is on the proponent of the will to prove absence of undue influence by a preponderance of the evidence. See *id.* at 485, 568 A.2d at 335.

Contestants argue that because Manchester was a professionally trained auctioneer and estate appraiser, a professional conflict existed meriting a higher standard of proof than preponderance of the evidence. They cite to *Haynes v. First National State Bank*, 432 A.2d 890, 901 (N.J. 1981), for the proposition that where a professional conflict of interest exists on the part of an attorney, the presumption of undue influence must be rebutted by clear and convincing evidence. See also *Raedel*, 152 Vt. at 482 n.2, 568 A.2d at 333 n.2. Contestants contend that this proposition should be extended to an estate appraiser. We disagree. In her professional capacity as an appraiser and auctioneer, Manchester had no interaction with Ethel Roche, and thus a professional conflict of interest prompting one court to require a clear and convincing standard was not present.

Further, the trial court stated it was led "inexorably" to the conclusion that there was no undue influence by Manchester. Even if the standard were clear and convincing evidence, the words of the court indicate it was met.

## II.

Contestants also argue that the court failed to properly maintain the burden of proof on Manchester throughout the trial, and further contend that Manchester failed to meet that burden. Contestants claim that the final sentence of the trial court's opinion demonstrates that the burden was improperly on contestants:

> In summary, the court concludes that there were legitimate reasons why Mrs. Roche would want to benefit Ms. Manchester, legitimate reasons why she would not want to benefit her sons, and no persuasive evidence of any force, pressure, or coercion by Ms. Manchester in connection with the will in question.

The sentence is neutral. The language indicates that contestants did not produce sufficient evidence to rebut the absence of undue influence illustrated by proponent's evidence. Its phrasing reflects the opinion of the court. The fact that it makes no specific reference to which party proved what facts does not indicate, in the face of statements to the contrary, that the trial judge placed the burden anywhere other than on Manchester.

## III.

Finally, contestants argue that several of the court's findings are not supported by the evidence. First, contestants contend that the evidence does not support findings made surrounding the depth of the relationship between Manchester and Roche. Additionally, contestants assert that the finding regarding whether four attorneys believed that the will was a product of Roche's own desires was unsupported by the evidence. Contestants argue that the witness attorneys' testimony was inconsistent and the attorneys were unable to recall with specificity questions regarding the will execution and relationship between Roche and Manchester. We rely on the trial court's understanding and interpretation of the evidence before it. We will not overturn the court's findings unless they are demonstrated by the appellant to be clearly erroneous and not supported by evidence. See V.R.C.P. 52(a)(2); *Mullin v. Phelps*, 162 Vt. 250, 260, 647 A.2d 714, 720 (1994). Contestants' arguments fail to show there is no credible evidence to support the findings or that the trial court did anything other than believe the evidence it found to be most persuasive. See *Abbiati v. Buttura & Sons, Inc.*, 161 Vt. 314, 318, 639 A.2d 988, 990 (1994) (conclusions of the trial court supported by the findings will be upheld).

*Affirmed.*